FILED ~~ORIGINAL~~

AUG  8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILE BY FAX

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** ~~or Office~~ Supervision

Name   Tran          Phong        Ba
    (Last)         (First)        (Initial)

Prisoner Number  N/A

~~Institutional Address~~  Home Address: 1101   Welch Ave., San Jose, CA 95117

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

*MHP*

Tran, Phong Ba
(Enter the full name of plaintiff in this action.)

CV 08  3805

vs.

Case No. _____
(To be provided by the clerk of court)

Nancy Alcantar, Field Office Director

Immigration & Customs Enforcement

**PETITION FOR A WRIT
OF HABEAS CORPUS**

DHS, Department of Homeland Security

Attorney General

*E-filing*

(Enter the full name of respondent(s) or jailor in this action)

---

Read Comments Carefully Before Filling In

When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were **not** convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1 | Who to Name as Respondent

2 |     You must name the person in whose actual custody you are. This usually means the Warden or

3 | jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4 | you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 | respondents.

6 |     If you are not presently in custody pursuant to the state judgment against which you seek relief

7 | but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 | custody you are now and the Attorney General of the state in which the judgment you seek to attack

9 | was entered.

10 | A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11 |     1. What sentence are you challenging in this petition?

12 |       (a)   Name and location of court that imposed sentence (for example; Alameda

13 |            County Superior Court, Oakland):

14 |     Immigration Court       San Francisco, CA

15 |        Court                 Location

16 |       (b)   Case number, if known _A-25 269 940_

17 |       (c)   Date and terms of sentence_ April 26, 2005_

18 |       (d)   Are you now in custody serving this term? (Custody means being in jail, on

19 |            parole or probation, etc.)      Yes ____   No _x_

20 |            Where? San Francisco

21 |            Name of Institution: US Department of Homeland Security

22 |            Address: 630 Sansome St, 5th Fl, SF CA 94111

23 |     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 | more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 | challenging more than one sentence, you should file a different petition for each sentence.)

26 | 1.) 212 (a) (i) (I)

27 | 2.) 212 (a) (2) (i) (II) of the Immigration &

28 |    Naturalization Act

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:                     Yes __X__    No _____

    Preliminary Hearing:          Yes __x__    No _____

    Motion to Suppress:          Yes _____    No _X__

4. How did you plead?

    Guilty _____   Not Guilty __X__   Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____   Judge alone __X__   Judge alone on a transcript _____

6. Did you testify at your trial?          Yes __X__    No _____

7. Did you have an attorney at the following proceedings:

    (a)   Arraignment              Yes __X__    No _____

    (b)   Preliminary hearing      Yes __X__    No _____

    (c)   Time of plea             Yes __X__    No _____

    (d)   Trial                   Yes __X__    No _____

    (e)   Sentencing             Yes __X__    No _____

    (f)   Appeal                 Yes __x__    No _____

    (g)   Other post-conviction proceeding   Yes __X__    No _____

8. Did you appeal your conviction?      Yes __X__    No _____

    (a)   If you did, to what court(s) did you appeal?

          Court of Appeal BIA     Yes __X__  No _____

          Year: 2007 _____   Result: _Denied_____

          Supreme Court of California    Yes _____  No __x__

          Year: _____   Result:_____

          Any other court         Yes _____  No _____

          Year: _____   Result:_____

    (b)   If you appealed, were the grounds the same as those that you are raising in this

1          petition?                          Yes _____    No_X__

2     (c)   Was there an opinion?              Yes _____    No_X__

3     (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                             Yes _____    No_X__

5           If you did, give the name of the court and the result:

6           _____

7           _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?        Yes _____    No_X__

10         [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16     (a)   If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding. Attach extra paper if you need more space.

18     I.    Name of Court: _____

19           Type of Proceeding: _____

20           Grounds raised (Be brief but specific):

21           a. _____

22           b. _____

23           c. _____

24           d. _____

25           Result: _____ Date of Result: _____

26     II.   Name of Court: _____

27           Type of Proceeding: _____

28           Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

III.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No_X___

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: Please see Attachment "A" Title:

6      _GROUNDS FOR RELIEF

7  Supporting Facts:

8  _____

9  _____

10  _____

11  Claim Two:_____

12  _____

13  Supporting Facts:_____

14  _____

15  _____

16  _____

17  Claim Three:_____

18  _____

19  Supporting Facts:_____

20  _____

21  _____

22  _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

1         List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3    of these cases:

4    __Please see Attachment "B" Title:_____

5    __RELEVANT CASE NAMES AND CITATIONS_____

6    _____

7    Do you have an attorney for this petition?                    Yes____    No_X___

8    If you do, give the name and address of your attorney:

9    _____

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on __August 8, 2008___                    _phong Tra_____

14               Date                                Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

Support Documents for Petition for Writ of Hebeas Corpus
Plaintiff: Tran, Phong Ba
A 25 269 940

Attachment "A" …………………………………………………………1-4
Exhibit "A" …………………………………………………………...5-6
Exhibit "B" …………………………………………………………...7-8
Exhibit "C" …………………………………………………………..8-18

Attachment "B" ……………………………………………………......19

Attachment "A": GROUNDS FOR RELIEF

**A:**    Claim One:

I was served by mail with an I-166, a Surrender Notice by Immigration & Customs Enforcement to appear at US Department of Homeland Security, Immigration and Customs Enforcement (hereon in referred to as "Respondent") located at 630 Sansome Street, 5th Floor, and San Francisco, CA 94111. I have been informed by said Surrender Notice that Respondent intend to place me on the flight from San Francisco to Vietnam on august 11, 2008 at 9:30 AM. *See Exhibit "A" a true and correct copy of form I-166 is attached hereto)*

**B:**    Supporting Facts:

### STATEMENT OF FACTS

I, Tran, Phong Ba am the Petitioner hereby respectfully petitions this Honorable Court for a writ of habeas corpus to prevent my unlawful removal from the United States, to provide an opportunity to have meaningful review of the Respondent's failure to provide me with a meaningful review of my immigration case and to enjoin Respondent from either removing me, finding me ineligible for relief, and/or deeming me subject to detention and removal from the United States.

I lawfully entered the United States as part of this program on September 11, 1981. Although I moved to the United States, I remained a citizen of Vietnam. In April 26, 2005, an immigration judge ordered my deportation. However, the deportation order has never been executed because the government of Vietnam steadfastly refuses to issue the travel documents necessary for me to return. *See Exhibit "B" a true and correct copy of of my I-862 noting my arrival date here in the US is attached hereto)*

The Attorney General's failure to effect deportation within six months from the time of the order of deportation entitles the alien to release without bond, subject to supervision. 8 U.S.C. § 1231)(1)(A).

On January 22, 2008, ICE Assistant Secretary Myers signed the "historical Memorandum of Understanding (MOU) with Vietnam will allow for the repatriation of Vietnam Citizens who entered the United States on or after July 12, 1995." *(See Exhibit "C", a true and correct copy of the memorandum of agreement.)*

I do not fall within the MOU because I entered the United States prior to July 12, 1995. I entered the United State on September 11, 1981. Detention of me is authorized only as "reasonably necessary" to effectuate my removal. Zadvydas v. Davis, 533 U. S. 678, 689 (2001). Respondents have brought forward nothing to indicate that a substantial likelihood of removal exists or that removal to Vietnam is reasonably foreseeable because

1

I do not fall within the MOU due to the fact that he entered the United States prior to July 12, 1995.

I am fully eligible to apply for permanent residence by way of moving the Board of Immigration Appeals to reopen the proceedings expressly for that purpose. DHS agents are required to join in that effort where such application is not barred by statutory ineligibility or otherwise not merited in the exercise of discretion. Matter of Velarde-Pacheco, 23 I&N Dec. 253 (BIA 2002); see also General Counsel Memo, "Motions to Reopen for Consideration of Adjustment of Status," dated May 17, 2001.

The immigration court has failed to provide me with the minimum requirements of due process, and I have been prejudiced by this error. Based on the procedural deficiencies in the underlying matter, my overstay of voluntary departure would render him statutorily ineligible for an adjustment of status. Matter of Shaar, Int. Dec. 3290 (BIA 1996). Further, because more than five (5) years have elapsed since the entry of the order of voluntary departure, I am not barred from applying for relief.

As a person residing in the United States, I am protected by every clause of the United States Constitution that is not expressly reserved to its citizens. This protection includes the Due Process Clause of the Fifth Amendment, which provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST., Amend. V; see, e.g., Plyler v. Doe, 457 U.S. 202, 210 (1987); Mathews v. Diaz, 426 U.S. 67 (1976); Yamataya v. Fisher, 189 U.S. 86 (1903); see also Doherty v. Thornburgh, 943 F. 2d 204, 208 (2d Cir. 1991) (finding that even aliens unlawfully present in the U.S. have a "substantive due process right to liberty during deportation proceedings"), cert. dismissed, Doherty v. Barr, 503 U.S. 901 (1992). The Fifth Amendment also creates a procedural due process right to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 334 (1976). If this court fails to act by granting the remedies sought herein, I will continue to suffer unconstitutional detention and custody, and the harm so created will otherwise be irreparable. I have no other plain, speedy or sufficient remedy available.

Respondents' intended detention of me is in violation of law and violates my rights to substantive and procedural due process. Respondents' intended deportation of me is in violation of law and violates my right to substantive and procedural due process by depriving me of the ability to proceed with my application for cancellation of deportation or Adjustment of status. The denial further subjects me to a permanent bar from the United States without review and would separate me from my only family, all whom are legally residents or citizens of the United States.

### Unlawful Detention of Removable Alien

Where an alien's home country refuses to grant travel documents to the alien, resulting in the alien's continued detention, there is an implicit limitation in the statute, which, read in light of the Constitution's demands, limits an alien's post-removal-period detention to the period "reasonably necessary" to bring about that alien's removal from the United States. *Zadvydas v. Davis*, 533 U. S. 678, 689 (2001).

In a number of the reported cases, most of which have involved criminal aliens, the alien's home country and third countries which the alien has ties to have refused to grant travel documents to the alien, thus precluding the alien's removal during the normal 90-day period provided for the government to effect the alien's removal. This has resulted in the alien's continued detention, sometimes for years. Many aliens in this situation have challenged their continued detention as amounting to permanent or indefinite detention. Chi Thon Ngo v. I.N.S., 192 F.3d 390 (3d Cir. 1999), amended, (Dec. 30, 1999), amended, (Dec. 30, 1999; *Sengchanh v. Lanier,* 89 F. Supp. 2d 1356 (N.D. Ga. 2000); *Nguyen v. Fasano,* 84 F. Supp. 2d 1099 (S.D. Cal. 2000); *Dominguez-Estrella v. U.S. I.N.S.,* 71 F. Supp. 2d 578 (W.D. La. 1999); *Villafuerte v. U.S. I.N.S.,* 71 F. Supp. 2d 573 (W.D. La. 1999); *Vo v. Greene,* 63 F. Supp. 2d 1278 (D. Colo. 1999); *Phan v. Reno,* 56 F. Supp. 2d 1149 (W.D. Wash. 1999); *Fernandez Luiz v. Luttrell,* 46 F. Supp. 2d 754 (W.D. Tenn. 1999); *Hermanowski v. Farquharson,* 39 F. Supp. 2d 148 (D.R.I. 1999); *Cabreja-Rojas v. Reno,* 999 F. Supp. 493 (S.D. N.Y. 1998); *Lleo-Fernandez v. I.N.S.*, 989 F. Supp. 518 (S.D. N.Y. 1998); *Singh v. U.S. I.N.S.*, , 965 F. Supp. 724 (D. Md. 1997); *In re Nai Meng Saelee,* Respondent, 22 I. & N. Dec. 1258, 2000 WL 33955992 (B.I.A. 2000).

The Supreme Court of the United States has now addressed this issue in two consolidated actions brought by resident aliens. *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). The Court concluded that there is an implicit limitation in the statute, which, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period "reasonably necessary" to bring about that alien's removal from the United States; it does not permit indefinite detentions.

Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal is determinative of whether the detention is, or is not, authorized by statutory authority. The basic federal habeas corpus statute grants the federal courts authority to determine that issue. In so doing, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should deem continued detention unreasonable and no longer authorized by statute.

The Ninth Circuit Court of Appeals has taken the view that the requirement limiting an alien's post-removal-period detention to a reasonable time period, established by the Supreme Court's ruling in Zadvydas, applies to aliens deemed inadmissible to the United States. *Xi v. U.S. I.N.S.*, 298 F.3d 832 (9th Cir. 2002).

In the instant case, I do not fall within the MOU. (See Exhibit B, attached hereto, which is a true and correct copy of the MOU press release.) Since I do not fall within the MOU, travel documents will not be issued by the Vietnamese government. This being the case, my detention is ***not authorized*** by statute because my removal is not ***reasonably foreseeable.*** Thus, the Court should deem surrender and detention unreasonable.

## PRAYER FOR RELIEF

WHEREFORE, I prays that this Honorable Court grant the following relief:
1. Grant the writ of habeas corpus;

    2. Enjoin Respondents from effecting my deportation;

    3. Enjoin Respondents from effecting the Surrender Order;

    4. Order that Respondents join in my efforts to reopen the removal proceedings on the basis of my application for adjustment of status to permanent residence as authorized; and

    5. Grant any other and further relief which this Honorable Court deems just and proper.

Exhibit A

## U.S. DEPARTMENT OF HOMELAND SECURITY
### Immigration and Customs Enforcement
630 Sansome Street, 5th Floor
San Francisco, California  94111

File No.   A25269940
           D79
Date:      July 16, 2008

⌐ TRAN, Phong Ba                                    ⌐
  3339 Flintmont Drive
  San Jose, CA  95148
└                                                   ┘

As you know, following a hearing in your case you were found deportable/excludable and the hearing officer has entered an order of removal. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to _____**Vietnam**_____ on
                                                    (country)
____**August 11, 2008**____ from ____**San Francisco, California**____ on the
       (date)                      (port of departure)
____**Transportation to be provided by the Government**____
       (name of vessel, airline, or other transportation)
You should report to a United States Immigration Officer at ____**5th Flr., Rm. 548-Window A**____
                                                             (No.)
____**630 Sansome Street, San Francisco, CA  94111**____ at ____**9:30 AM - August 11, 2008**____
       (address)                                            (hour and date)
completely ready for deportation. At the time of your departure from ____**San Francisco, California**____
                                                                       (place of surrender)
you will be limited to _____**40**_____ pounds of baggage.

Should you have personal effects in excess of this amount, you must immediately contact
____**Deportation Officer Johnson**____ at _____**(415) 844-5532**_____ , or call in person at the
       (name of officer)                     (phone no. and ext.)
address noted above, and appropriate disposition of your excess baggage will be discussed with you.

Very truly yours,

Sylvia C. Arguello,
Assistant Field Office Director

cc:  File
     Attorney
     Feria, Steven W.
     115 E. Gish Road, Suite 200
     San Jose, CA  95112

Form I-166
(Rev. 4-1-69)

Exhibit B

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A25 269 940

In the Matter of:

Respondent:   TRAN                 Phong              Ba

2981 Irwindale Dr.
San Jose                                                      Ca      95122              (408) 839-9440
_____(Number, street, city, state and ZIP code)_____(Area code and phone number)

☒  1. You are an arriving alien.
☐  2. You are an alien present in the United States who has not been admitted or paroled.
☐  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

2.  You are not a citizen or national of the United States.
3.  You are a citizen and national of Vietnam.
4.  On or about September 11, 1981, you were granted Lawful Permanent Resident status in the United States.
5.  On or about April 22, 1991, you were convicted by the Criminal District Court of Rapides Parish, Louisiana, of Distribution of controled dangerous substance schedule I, to-wit: Marijuana (2) counts, in violation of R.S. 40:0966 A1, a felony.
6.  On or about January 30, 2004 you applied for admission into the United States as a Lawful Permanent Resident at San Francisco International Airport.
7.  On or about January 30, 2004 you were paroled into the United States for a deferred inspection.
8.  On or about April 28, 2004 your parole was revoked.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

ection 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who dmits having committed, or admits committing acts which constitute the essential elements of, ( or conspiracy or attempt to violate ) any aw or regulation of a State, the United States, or foregin country relating to a controled substance (as defined in Section 102 of the 'ontrolled Substances Act, 21 U.S.C. 802).

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to:    ☐  8 CFR 208.30(f)(2)    ☐  8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:  To be set

_____(Complete Address of Immigration Court, including Room Number, if any)_____
on _____To be set_____ at _____To be set_____   to show why you should not be removed from the United States based on the
          (Date)                           (Time)
charge(s) set forth above.

                                                        Vincent A. Swanson (BCBP Officer)
                                                        (Signature and Title of Issuing Officer)

I    April 28,2004                                            San Francisco, Ca.
                                                              (City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

8

Exhibit C

# AGREEMENT

## BETWEEN

## THE GOVERNMENT OF THE UNITED STATES OF AMERICA

## AND

## THE GOVERNMENT OF THE SOCIALIST REPUBLIC OF VIETNAM

## ON

## THE ACCEPTANCE OF THE RETURN OF VIETNAMESE CITIZENS

The Government of the United States of America (hereinafter called "the U.S. Government") and the Government of the Socialist Republic of Vietnam (hereinafter called "the Vietnamese Government"),

With a wish of developing friendly relations between the two countries, and to establish procedures for competent authorities of both countries on the prompt and orderly acceptance of Vietnamese citizens who have been ordered removed by the U.S. Government,

In order to establish common procedures for the relevant authorities based on the legal principles of each country and the international responsibility to accept the return of repatriated citizens; and to follow recognized principles of international law, to allow for a case-by-case determination of repatriation, and to recognize the right of the receiving country to determine nationality,

Have agreed to the following:

### Article 1
### General Provisions

1. The U.S. Government will carry out the repatriation of Vietnamese citizens who violated U.S. law in accordance with U.S. and international law and the provisions of this Agreement. The repatriation should take into account the humanitarian aspect, family unity and circumstances of each person in each individual case.

2. The Vietnamese Government may consider the return of its citizens who violated U.S. law based on the consideration of legal procedures and the

status and circumstances of each individual case. The subject individuals and the acceptance procedure will be based on the terms of this Agreement.

3. Repatriation will be carried out in an orderly and safe way, and with respect for the individual human dignity of the person repatriated. The U.S. Government will allow Vietnamese citizens who have been ordered removed a reasonable time to arrange their personal affairs before returning them to Vietnam.

4. Persons repatriated under this Agreement have the right to transfer their legal money and personal property to Vietnam.

5. The U.S. Government will pay for the cost of returning to Vietnam persons repatriated under this Agreement, as provided in Article 5 and Annex 1. The U.S. Government will also pay for the cost of returning to the United States any person who was mistakenly repatriated, in accordance with Article 3 of this Agreement.

## Article 2
### Removable Persons and Conditions of Acceptance

1. The Vietnamese Government will accept the return of Vietnamese citizens in accordance with Article 1 and item 2 of Article 2 of this Agreement, if upon investigation the individual meets the following requirements:

(a) The individual is a citizen of Vietnam and is not a citizen of the United States or of any other country;

(b) The individual previously resided in Vietnam and has no current residence in a third country;

(c) The individual has violated U.S. laws and has been ordered by competent authority removed from the United States; and

(d) If the individual has been convicted of a criminal offense (including immigration violation), the person will have completed any imprisonment before removal, and any reduction in sentence will have been ordered by competent authority.

2. Vietnamese citizens are not subject to return to Vietnam under this Agreement if they arrived in the United States before July 12, 1995, the date on which diplomatic relations were re-established between the U.S.

Government and the Vietnamese Government. The U.S. Government and the Vietnamese Government maintain their respective legal positions relative to Vietnamese citizens who departed Vietnam for the United States prior to that date.

3. In the case of a citizen of Vietnam who immigrated to the United States from a third country where that person had a permanent residence and who has been ordered removed from the United States, the U.S. Government will seek to return that person to the third country or consider allowing that person to stay in the United States, before requesting removal to Vietnam.

4. In any case where the Vietnamese Government obtains information relevant to the repatriation of an individual that was not previously considered by the U.S. Government, the Vietnamese Government may request a humanitarian reconsideration based on the specific circumstances of the repatriated person in accordance with United States law.

## Article 3
### Return of Persons Repatriated in Error

Upon notice by the Vietnamese Government that a person returned to Vietnam by the U.S. Government does not meet all criteria mentioned in Article 2 of this Agreement, the U.S. Government should promptly receive the return of that person to the United States without any special procedure.

## Article 4
### Acceptance Procedures

1. When the U.S. Government believes that a removable person is a citizen of Vietnam and meets all criteria within Article 2 of this Agreement, the U.S. Department of Homeland Security, on behalf of the U.S. Government, will request appropriate travel documents from the Vietnamese Government and will forward the appropriate files to that Government. Such files will include three sets of documents, the original and two copies. The original and one copy shall be forwarded to the Vietnamese Ministry of Public Security (Immigration Department) by the U.S. Embassy in Vietnam, and the other copy will be sent to the Vietnamese Ministry of Foreign Affairs (Consular Department).

Each file will contain a diplomatic note which requests that the Vietnamese Government accept the returnee, the name of the person the U.S. Government believes should be repatriated to Vietnam, the appropriate forms completed by such person (an example of which is provided in Annex 2 of

this Agreement), a copy of the order of removal, and other documents regarding the person's biography, citizenship, criminal history, sentence imposed, and decision of amnesty or reduction of criminal sentence. The order of removal will be translated into Vietnamese on the standard form, and the criminal history will include a National Crime Information Center (NCIC) record in English accompanied by a code key translated into Vietnamese. All documents and translations will be certified by the competent U.S. authorities.

2. Upon request by the Vietnamese Government, the U.S. Government will arrange and facilitate the interview of persons who fall within Article 2(1) of this Agreement by Vietnamese immigration officials to determine information regarding the Vietnamese citizenship, biographical data, and last place of residence of such persons. The U.S. Department of Homeland Security will arrange a venue for those interviews. The U.S. Government also will facilitate interviews by U.S.-based consular officers of the Vietnamese Government of deportable persons whom the U.S. believes to be Vietnamese citizens.

3. The Vietnamese Government will provide a prompt response to the U.S. Government on cases referred under this Article after the Vietnamese verification is made. If it is determined that a person whose name and file has been provided to the Vietnamese Government in accordance with this Article meets the requirements of Article 2, the Ministry of Public Security of the Vietnamese Government will issue a travel document authorizing that person's return to Vietnam, and will provide written notification to the U.S. Embassy in Vietnam.

4. When the Vietnamese Government has issued a travel document under this Agreement, the U.S. Government will provide at least fifteen (15) days notice of the flight and travel arrangements by which the person will be returned to Vietnam. The U.S. Embassy in Vietnam will inform the Ministry of Public Security (Immigration Department) and the Ministry of Foreign Affairs (Consular Department) of the date and number of the flight, the time of arrival, the port of entry (Noi Bai Airport in Hanoi or Tan Son Nhat Airport in Ho Chi Minh City), and the details regarding any U.S. officers escorting the person to be returned (such as names, dates of birth, passport numbers, estimated times of stay in Vietnam, etc), and allow the Vietnamese side to confirm receipt of the returnees.

When a person under medical treatment is returned to Vietnam under this Agreement, the escorting U.S. officers will provide a copy of the person's health record to the receiving Vietnamese officials at the port of entry. The

escorting and receiving officers will sign a joint report verifying the person's repatriation.

### Article 5
### Expenses

1. The U.S. Government will pay for the cost of transporting Vietnamese citizens to Vietnam under this Agreement.

2. The U.S. Government will pay for the costs of receiving repatriated persons including: verifying fee, the receipt at the airport and transportation of the persons from airport to the place of residences in accordance with the enclosed Annex 1.

3. The U.S. Government will pay for the cost of arranging interviews by relevant Vietnamese officials of persons whom the U.S. Government believes to be Vietnamese citizens and subject to repatriation under this Agreement.

4. The U.S. Government will pay for the cost of returning to the United States persons who were repatriated in error, as provided in Article 3 of this Agreement.

### Article 6
### Entry into Force and Duration

1. This Agreement will enter into force sixty (60) days from the date of signature by both Governments.

2. Upon entry into force, this Agreement will be valid for five years. The Agreement will be extended automatically for terms of three years thereafter unless written notice not to extend is given by one Government to the other at least six months prior to the expiration date of the Agreement.

### Article 7
### Amendment and Supplementation

This Agreement may be amended or supplemented by written agreement of the Vietnamese Government and the U.S. Government through appropriate diplomatic channels.

14

### Article 8
### Resolution of Disputes

Any disputes regarding the interpretation and implementation of this Agreement will be resolved through appropriate diplomatic channels.

### Article 9
### Suspension or Termination

This Agreement may be suspended or terminated by either Government. Such suspension or termination of this Agreement will come into effect after thirty days (30) from the date one Government receives the written notification from the other Government of its intention to suspend or terminate.

Done at Hanoi, on 22 January 2008 in duplicate in the English and Vietnamese languages, both texts being equally authentic.

FOR THE GOVERNMENT OF
THE UNITED STATES OF
AMERICA

FOR THE GOVERNMENT OF
THE SOCIALIST REPUBLIC OF
VIETNAM

15

*Annex 1*

## EXPENSES FOR REPATRIATION

| Content | Expenses for Repatriation |
|---|---|
| 1/ Expenses for verification (including verification through the Vietnamese Embassy in the U.S.,) and receipt at airports in Vietnam | $140/person |
| 2/ Transportation fee for the repatriated person from airport to the place of residence | $10/person |
| Total: | $150/person |

***Phu luc 2***
***Annex 2***

# BẢN TỰ KHAI
## SELF-DECLARATION FORM
*(Dùng cho công dân Việt Nam được lệnh trục xuất khỏi Hoa Kỳ)*
*(For Vietnamese citizens who have been ordered removed from the United States)*

**1. Họ tên khai sinh** *(viết chữ in hoa):*
   *Full name (In capital letter)*
   - Các tên khác *(nếu có)*
   *Other name (If any)*
   - Giới tính: Nam, nữ
   *Sex      Male, female*
   - Ngày sinh:                          - Quốc tịch gốc:
   *Date of birth                         Nationality at birth*
   - Nơi sinh:                           - Quốc tịch hiện nay:
   *Place of birth                        Nationality at present*

> Ảnh
> (Cỡ 4cm x 6cm
> mặt nhìn thẳng,
> đầu để trần)
> Photograph with
> size 4cm x 6 cm
> without hat

**2. Địa chỉ thường trú trước khi rời Việt Nam** *(ghi rõ thôn, xã, huyện, tỉnh, hoặc số nhà, đường phố, phường, quận, thành phố):*
*Previous permanent address before leaving Vietnam (state specifically the village, commune, district, province or house number, street, precinct, district, city)*

**3. Rời Việt Nam ngày      tháng      năm**
*Date leaving Vietnam:*
- Bằng hình thức:
  *Mode of departure*
- Mang hộ chiếu hoặc giấy thông hành số:      cấp ngày      tháng      năm
  Cơ quan cấp:
  *Holding passport or laisser-passer number:          Issued on:          By:*

**4. Trước khi đến Hoa Kỳ đã ở những nước nào, làm gì** *(ghi rõ từng thời gian):*
*Before arriving in the United States, in which countries have you lived, what did you do there (state the time)*

**5. Đến Hoa Kỳ ngày      tháng      năm**
*Date arriving in the United States:*
- Bằng hình thức:
  *Mode of entry*
- Mang hộ chiếu hoặc giấy thông hành số:      cấp ngày      tháng      năm

17

Cơ quan cấp:
*Holding passport or laisser-passer number:*    **Issued on:**    **By:**

**6. Thân nhân ruột thịt ở Việt Nam (cha, mẹ, vợ, chồng, con):**
*Relatives in Vietnam (parents, spouses, offspring)*

| Số TT No. | Họ và tên Full name | Ngày sinh DOB | Quốc tịch Nationality | Quan hệ Relationship | Địa chỉ thường trú ở Việt Nam Permanent address in Vietnam |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**7. Thân nhân ruột thịt ở nước ngoài (cha, mẹ, vợ, chồng, con):**
*Relatives abroad (parents, spouses, offspring)*

| Số TT No. | Họ và tên Full name | Ngày sinh DOB | Quốc tịch Nationality | Quan hệ Relationship | Địa chỉ thường trú ở nước ngoài Permanent address abroad |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**8. Khi về Việt Nam cư trú với ai** *(họ tên, quan hệ với bản thân)* **tại địa chỉ nào**
*(thôn, xã, huyện, tỉnh, hoặc số nhà, đường phố, phường, quận, thành phố):*
*On returning to Vietnam, whom you will live with (give full name, relationship) and proposed address (village, commune, district, province or house number, street, precinct, district, city).*

    Tôi cam đoan những điều khai trên là đúng sự thật và xin chịu trách nhiệm trước pháp luật của Nhà nước Việt Nam.
    *I swear that the above statements are true and for which I am fully responsible to the Vietnamese laws.*

                                   Khai tại          ngày    tháng    năm
                                   *Done at*          *On*

                                         **Người khai**
                                      *(ký và ghi rõ họ tên)*
                                      *(signature and full name)*

Attachment "B": RELEVANT CASE NAMES AND CITATIONS

1.  8 U.S.C. § 1231)(1)(A)
2.  Zadvydas v. Davis, 533 U. S. 678, 689 (2001)
3.  Matter of Velarde-Pacheco, 23 I&N Dec. 253 (BIA 2002)
4.  Matter of Shaar, Int. Dec. 3290 (BIA 1996)
5.  U.S. CONST., Amend. V; see, e.g., Plyler v. Doe, 457 U.S. 202, 210 (1987)
6.  Mathews v. Diaz, 426 U.S. 67 (1976); Yamataya v. Fisher, 189 U.S. 86 (1903)
7.  Doherty v. Thornburgh, 943 F. 2d 204, 208 (2d Cir. 1991)
8.  Doherty v. Barr, 503 U.S. 901 (1992)
9.  Mathews v. Eldridge, 424 U.S. 319, 334 (1976)
10.  Chi Thon Ngo v. I.N.S., 192 F.3d 390 (3d Cir. 1999), amended, (Dec. 30, 1999), amended, (Dec. 30, 1999
11.  *Sengchanh v. Lanier,* 89 F. Supp. 2d 1356 (N.D. Ga. 2000)
12.  *Nguyen v. Fasano,* 84 F. Supp. 2d 1099 (S.D. Cal. 2000)
13.  *Dominguez-Estrella v. U.S. I.N.S.,* 71 F. Supp. 2d 578 (W.D. La. 1999)
14.  *Villafuerte v. U.S. I.N.S.,* 71 F. Supp. 2d 573 (W.D. La. 1999)
15.  *Vo v. Greene,* 63 F. Supp. 2d 1278 (D. Colo. 1999)
16.  *Phan v. Reno,* 56 F. Supp. 2d 1149 (W.D. Wash. 1999)
17.  *Fernandez Luiz v. Luttrell,* 46 F. Supp. 2d 754 (W.D. Tenn. 1999)
18.  *Hermanowski v. Farquharson,* 39 F. Supp. 2d 148 (D.R.I. 1999)
19.  *Cabreja-Rojas v. Reno,* 999 F. Supp. 493 (S.D. N.Y. 1998)
20.  *Lleo-Fernandez v. I.N.S.,* 989 F. Supp. 518 (S.D. N.Y. 1998)
21.  *Singh v. U.S. I.N.S.,* , 965 F. Supp. 724 (D. Md. 1997)
22.  *In re Nai Meng Saelee,* Respondent, 22 I. & N. Dec. 1258, 2000 WL 33955992 (B.I.A. 2000)
23.  *Xi v. U.S. I.N.S.,* 298 F.3d 832 (9th Cir. 2002)

## Sample Proof of Service

Tran, Phong Ba
_____
(Name of alien or aliens)

A-25 269 940
_____
("A number" of alien or aliens)

# PROOF OF SERVICE

On 8/8/2008 ____, I, Serena Le _____
    (date of mailing or delivery)         (printed name of person signing below)

mailed or delivered a copy of this Pet. for Writ of Hab. Corpus ____
                                    (name of document being served)

and any attached pages to NANCY  ALCANTAR, Field Director
                              (name of party served)

at the following address: 630 Sansome St. RM 590
SAN FRANCISCO, CA 94111-2206
                (address of party served)

by __United States Pstal- Express Mail__
    (method of delivery, for example: overnight courier, hand-delivery, first class mail)

___Serena Le___                     8/8/2008
    (signature)                       (date)

### Sample Proof of Service

Tran, Phong Ba
_____
(Name of alien or aliens)

A-25 269 940
_____
("A number" of alien or aliens)

## PROOF OF SERVICE

On 8/8/2008 _____, I, Serena Le _____
  (date of mailing or delivery)      (printed name of person signing below)

mailed or delivered a copy of this Pet. for Writ of Hab. Corpus _____
                            (name of document being served)

and any attached pages to Attorney General Joseph P. Russoniello, USA
                              (name of party served)

at the following address: 450 Golden Gate Ave.

SAN FRANCISCO  CA  94102 _____
                    (address of party served)

by  United States Pstal- Express Mail _____
  (method of delivery, for example: overnight courier, hand-delivery, first class mail)

_Serena Le_ _____      8/8/2008
         (signature)             (date)